AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>Premises at 545 Hayes, Irvine, California, 92620 | )<br>)<br>) Case No.<br>)<br>) 19 MJ01758 |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the     Central     District of     California
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     14 days from the date of its issuance
    *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
on duty at the time of the return through a filing with the Clerk's Office.
    *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*    ☐ for _____ days *(not to exceed 30)*.
                                             ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:    4/29/19 12:35              MICHAEL R WILNER
                                                                               *Judge's signature*

City and state:    Los Angeles, California                Hon. Michael R. Wilner
                                                                            *Printed name and title*

AUSA: Lindsay M. Bailey x6875

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 19MJ01758 | Date and time warrant executed: 5/2/2019 | Copy of warrant and inventory left with: W/ LYNN BOUTIN @ RESIDENCE |
|---|---|---|

Inventory made in the presence of: STEVE JOHNSON, SENIOR INSPECTOR

Inventory of the property taken and name of any person(s) seized:
[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

SEE ATTACHED

### Certification (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 5/15/2019

*Executing officer's signature*

L. SUDANTO, DEPUTY US MARSHAL

*Printed name and title*

**ATTACHMENT A-1**

PREMISES TO BE SEARCHED

1. The premises to be searched (the "SUBJECT PREMISES") is the property located at 545 Hayes, Irvine, California, 92620. The SUBJECT PREMISES is single unit within a multi-unit apartment complex with white walls, a grey roof, and an open, communal parking lot located within the center of the complex. The SUBJECT PREMISES includes the residential structure, all attached rooms, garages, attics, basements, storage areas, safes, lockers, briefcases, containers, trash areas, vehicles, and digital devices located at the SUBJECT PREMISES, or in a space assigned to the SUBJECT PREMISES, including parking space 165.

**ATTACHMENT B**

I. **ITEMS TO BE SEIZED**

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations 18 U.S.C. § 2250(a) (Failure to Register Under SORNA) (the "Subject Offense"), specifically:

   a. Any records, documents, programs, applications, or materials, including electronic records, that related to the travel of Kristopher Nathan BOUTIN ("BOUTIN") from North Carolina to California from October 4, 2013, to the present, including but not limited to documents that show payments for travel, payments for lodging, other living accommodations, services rendered, utility records, phone bills, unemployment, welfare or Veterans Administration assistance records in California or North Carolina, airline and bus ticket records, airline and bus ticket stubs, and credit card or bank statements showing purchases or transactions in California or North Carolina or purchase of airline tickets to and from California and North Carolina.

   b. Any photographs, including photographs stored digitally, depicting BOUTIN's travel to and from California and North Carolina from October 4, 2013, to the present, including photographs that depict locations where BOUTIN appears to have resided, been employed, or gone to school during that period.

   c. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, tending to demonstrate BOUTIN's residence and travel in and

between California and North Carolina between October 4, 2013, and the present.

   d. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, regarding BOUTIN's past sex offender registration forms, including any records tending to show BOUTIN's knowledge of the requirement that he register as a sex offender.

   a. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense, and forensic copies thereof.

   b. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

    i. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

    ii. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    iii. evidence of the attachment of other devices;

    iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v. evidence of the times the device was used;

    vi. passwords, encryption keys, biometric keys, and other access devices that may be necessary to access the device;

    vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii. records of or information about Internet Protocol addresses used by the device;

    ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal

digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

  b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

   i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized.  The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

   ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

   iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques, including to search for known images of child pornography.

  c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

      d.   If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

      e.   If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

      f.   If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

      g.   The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

      h.   After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

    a. Any digital device capable of being used to commit, further, or store evidence of the offense listed above;

    b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

    c. Any magnetic, electronic, or optical storage device capable of storing digital data;

    d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

    e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

    f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

    g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

6. During the execution of this search warrant, law enforcement is permitted to: (1) depress BOUTIN's thumb and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in

front of BOUTIN's face with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device.

7. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.

**U.S. Department of Justice**
**United States Marshals Service**

KRISTOPHER BOUTIN   19MJ01758

INSTRUCTIONS: Use Form USM-101 to record evidence seized. Maintain in district files. Se

| DISTRICT/DIVISION: C/CA | | | |
|---|---|---|---|
| (a) COURT CASE NO. | (b) CASE TITLE | (c) PROPERTY DESCRIPTION | (d) PROPERTY VALUATION |
| 19MJ01758 | | ALCATEL IDOL CELL PHONE CRICKET FCID 2ACCJA018 | |
| | | SAMSUNG GALAXY S10 IMEI 352334101323860 | |
| | | SEAGATE EXTERNAL HARD DRIVE S/N-NA9TMW6X | |
| | | GRAY CELLULAR PHONE MEID-99601004122391 | |
| | | HP LAPTOP SN-CND7352KWK | |
| | | ACER LAPTOP NXM31AA006246001707200 | |
| RETURNED TO LYNN BOUTIN  Lynn Boutin | | HP LAPTOP SCB352563Q | |
| | | NERF USB THUMB DRIVE | |
| | | SAMSUNG TABLET SN-R52K40CPXQY | |
| | | WHITE iPhone MODEL A1453 | |
| | | MAIL ENVELOPE FROM 17900 N. LAUREL PARK | |
| | | ORANGE FOLDER W/ MAIL/PAPER/CREDIT CARDS | |
| | | MC 5396 3442 6731 6399 | |
| | | SPRINT VISA 4204 9581 9320 7206 | |
| | | DISCOVER 6011 0067 7905 9907 | |
| | | US BANK 4366 1822 6692 9021 | |
| | | BLUE FOLDER W/ SAG-AFTRA APPLICATIONS | |
| | | ENVELOPE MISC PAPERS | |
| | | BLK BACK PACK W/PAPERS | |
| | | BLK CRUISER MICRO 8.0 GB THUMB DRIVE | |

Page 1 of 1